**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| CHAD EDWARD HOLLEY, | : Case No. 3:18-cv-00312 |
| Plaintiff, | : District Judge Thomas M. Rose |
| | : Magistrate Judge Sharon L. Ovington |
| vs. | : |
| A&E TELEVISION NETWORKS, LLC, | : |
| Defendants. | : |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Chad Edward Holley is a resident of Xenia, Ohio. He brings this case *pro se,* invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. The named Defendants are A&E Television, Inc.; Pasco County Sheriff's Office; Medical Center of Trinity Behavioral Health; and YouTube, LLC. The central allegations of the Complaint concern an incident in or near Pasco County, Florida during which Holley was taken to the Medical Center of Trinity for mental-health treatment. The incident was, according to Holly, broadcast nationwide on live television.

The Court previously granted Holley's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. The case is presently before the Court for an initial review to determine whether his Complaint, or any portion of it, must be dismissed because it fails to state a plausible claim for relief or because it is

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

factually or legal frivolous. *See* 28 U.S.C. § 1915(e); *see also Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Barnett v. Kalamazoo Cnty. Community Health Bd.*, No. 18-1319, 2018 WL 4492496, at *1 (6th Cir. 2018). A claim is plausible when the Complaint's factual allegations create a "'reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citation omitted).

A Complaint is frivolous only when it fails to raise "'a claim with an arguable legal claim based on rational facts.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827 (1989)). A rational factual basis is absent when the Complaint's allegations are "fantastic or delusional." *Id.* No arguable legal claim exists when the Complaint rests on "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *See id.*

In an initial review, the Court accepts as true a Complaint's factual allegations, *Hill*, 630 F.3d at 471, and liberally construes a *pro se* Complaint in the plaintiff's favor, *Davis v. Prison Health Services*, 679 F.3d 433, 437 (6th Cir. 2012); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999); *see also Lee v. Wilson County Jail, Lebanon*, No. 16-5981, 2017 WL 2819220, at *1 (6th Cir. 2017). Doing so in the present case exposes several problems.

Accepting as true Holley's factual allegations and liberally construing his Complaint in his favor reveals that the incident at issue was a "suicide situation …." (Doc. #2, *PageID* # 32). Holly also states that he was involved in a "mental-health situation covered under standard HIPPA [sic] laws…," *id*., referring to the Health Insurance Portability and Accountability Act (HIPAA) of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996). He maintains that televising the incident exposed his personal medical information to the public and, coupled with facial recognition technology, caused him "real injury both emotionally and physically." (Doc. #2, *PageID* #33). Holley did not give his permission to Defendants to disclose to the public his personal-health information or to use his image, likeness, or interview statements in publications, advertising, or other media activities (including the internet). As a result, Holley was displaced from an area he had once called home. And no crime was ever reported or committed concerning the incident.

Holley's Complaint, when construed liberally in his favor, claims that Defendants violated his right under HIPAA to maintain the privacy of his personal medical information. This claim, however, is indisputably meritless because HIPAA does not create a private right of action. *See Thomas v. Dept. of Health and Human Serv's*, No. 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018) (and cases cited therein) ("HIPAA itself does not create a private right of action."); *see also Cabotage v. Ohio Hosp. for Psychiatry, LLC*, No. 2:11cv50, 2012 WL 3064116, at *3−4 (S.D. Ohio July 27, 2012) (Deavers, MJ) (collecting cases) ("HIPAA creates neither an express nor an

implied cause of action for private citizens to enforce its terms"); *Farrell v. Thompson*, No. 3:17cv692, 2018 WL 662310, at *1 (W.D. Ky. Jan. 1, 2018) (McKinley, Chief DJ). Additionally, neither A&E Television, the Pasco County Sheriff's Office, nor YouTube is a "covered entity"—a health plan, a health clearing house, or a health care provider, 45 C.F.R. § 160.103—and therefore HIPAA does not apply to them.

Holly's Complaint also fails to raise a plausible negligence claim for several reasons: First, because Defendants are not "covered entities" under HIPAA, HIPAA imposed no duty of care upon them in the situation Holly describes. *See id*. Second, "federal regulations—as opposed to an Ohio statute that sets forth a positive and definite standard of care—cannot be used as a basis for negligence per se under Ohio law." *Sheldon v. Kettering Health Network*, 40 N.E.3d 661, 672 (Ohio App. 2 Dist. 2015). Third, Holly's Complaint raises only a conclusory claim that Defendants released his personal medical information, without describing the information that was released and without connecting the release of such information to any particular Defendant. Indeed, as to the Medical Center of Trinity, the Complaint is silent about any negligent act or omission it committed. Although "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78 (citations omitted).

Accordingly, dismissal of Plaintiff's Complaint is warranted under 28 U.S.C. §1915(e)(2).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be dismissed under 28 U.S.C. § 1915(e)(2); and

2. The case be terminated on the docket of this Court.


December 10, 2018                               *s/Sharon L. Ovington*
                                                Sharon L. Ovington
                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).